IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE, | : | CIVIL ACTION NO. **3:CV-10-1993** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PA, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On September 24, 2010, Petitioner, Herbert Aponte, a resident of Bronx, New York[1], filed, *pro se*, the instant petition for habeas corpus, pursuant to 28 U.S.C. § 2254, against the following two (2) Respondents: Commonwealth of Pennsylvania; and Monroe County.[2] (Doc. 1). Petitioner included numerous attachments with his habeas petition. Petitioner indicates that he was convicted by a jury in the Monroe County Court of Common Pleas of an M3 (misdemeanor third degree) motor vehicle code hit and run offense, namely, leaving the scene of an accident involving damage

---

[1] In his habeas petition, Petitioner indicates that he lives at 428 E. 144th Street, Bronx, New York. (Doc. 1, p. 25). Thus, it is clear that Petitioner is no longer in custody on his one-year sentence imposed by the Monroe County Court of Common Pleas on January 4, 2007.
   We also note that Petitioner Aponte previously filed a civil rights action pursuant to 42 U.S.C. § 1983 and that it was dismissed by the Court, upon initial screening, on March 9, 2010. *See Aponte v. Cheponis*, Civil No. 10-0003, M.D. Pa.

[2] We note that the only proper Respondent is the person who has custody of Petitioner. *See* 28 U.S.C. §2242 & §2243. However, as noted above, since it is apparent that Petitioner is no longer in custody on his challenged state court sentence, there is no proper Respondent and Petitioner's habeas petition should be dismissed.

to property.

Petitioner states that on January 4, 2007, he was sentenced to one year in prison on the stated offense. Petitioner claims, as he did in his previous §1983 civil rights action, that he was wrongfully convicted of the hit and run offense due to violations of his Fourth Amendment rights.

Specifically, as in his prior civil rights action, Petitioner seems to again claim that due to the unlawful search and seizure of evidence by PA State Trooper Cheponis he was unconstitutionally and wrongfully convicted at a jury trial on January 4, 2007, in Monroe County Court of Common Pleas. Petitioner avers that he was wrongfully charged and convicted of a misdemeanor of the third degree offense of hit and run (with no injuries) involving his automobile. Petitioner claims that he was wrongfully convicted of the hit and run offense on January 4, 2007, in a jury trial, since it was based on evidence illegally seized by Trooper Cheponis when the Trooper went to his home without a warrant and observed damage to his vehicle while it was parked in his garage.

Petitioner paid the required filing fee. (Doc. 4). The Habeas Petition has not yet been served on Respondents for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[3] *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D.

---

[3]The undersigned has been assigned this case for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

Pa.); *Coss v. Warden of Lackawanna County Prison*, 2008 WL 2697147 (M.D. Pa.).[4]

**II. Claims of Habeas Petition.**

Petitioner's habeas claims relate to his Monroe County, Pennsylvania, conviction of one count of hit and run (M3) with his automobile. The underlying events which form the bases of Petitioner's present Fourth Amendment claims took place between July 25, 2005 through January 4, 2007, when Petitioner was convicted at trial by a jury and sentenced to one year in prison.

Petitioner's attachments to his habeas petition indicate that on July 25, 2005, Trooper Cheponis parked his marked State Police vehicle in his driveway. Petitioner states that while Trooper Chaponis was talking to him, the Trooper illegally searched his garage, without a warrant or consent, and obtained evidence from Petitioner 's automobile which was parked in his garage, namely, the Trooper saw damage to the front right of Petitioner's vehicle. Petitioner claims that he was convicted of the hit and run offense on January 4, 2007, based on the illegal search by Trooper Cheponis. Petitioner states that the illegal search for evidence by Trooper Cheponis violated his Fourth Amendment rights.[5]

---

[4] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[5] Based on the allegations of Petitioner's prior civil rights action, the alleged illegal search by Trooper Cheponis occurred four days after the automobile accident which was the basis for Petitioner's hit and run conviction. Thus, we construe the accident to have occurred on July 21, 2005.

Also, based on Petitioner's prior action, Petitioner indicated that the state court Magistrate denied the motion of his counsel to suppress all evidence obtained by Trooper Cheponis and the motion to dismiss the charge. In his prior action, Petitioner stated that he had two pre-trial hearings before Magistrate Vican, *i.e.* August 28, 2006 and September 22, 2006, and that Magistrate Vican issued an Opinion on November 13, 2006, denying Petitioner's motion to suppress evidence and motion to dismiss the charge.

Thus, Petitioner claims that his January 4, 2007 conviction was unconstitutional since it was based upon the illegally obtained evidence regarding damage to his automobile which was presented at trial by Trooper Chaponis.

Insofar as Petitioner is seeking to challenge his January 4, 2007 Monroe County conviction and sentence, Petitioner can no longer seek collateral relief regarding his Monroe County conviction *via* a habeas corpus petition filed under 28 U.S.C. § 2254 since he appears to have fully served his one-year sentence. Further, Petitioner cannot raise his Fourth Amendment claims in his habeas petition since he previously indicated that they were fully litigated in the state court.

## III. Discussion.

To the extent Petitioner is challenging his January 4, 2007 Monroe County conviction and one-year sentence, he cannot now do this *via* a petition for writ of habeas corpus under 28 U.S.C. § 2254 since he is no longer in custody on this sentence. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005). As stated, Petitioner indicates that he has fully served his Monroe County sentence and that he now resides in the Bronx, New York.[6] Also, since Petitioner states that his January 4, 2007 Monroe County sentence was one year, it is clear that Petitioner is no longer serving this sentence.[7]

In *Coss v. Warden of Lackawanna County Prison*, 2008 WL 2697147, *5, the Court quoted *Morgan v. Martin*, 2006 WL 3544665, *1 (E. D. Pa.), as follows:

---

[6] Petitioner Aponte also indicated in his prior civil rights action he filed with this Court that he had fully served his January 4, 2007 Monroe County one-year sentence.

[7] A review of the Monroe County Court of Common Pleas docket sheet for Petitioner's criminal case, No. 1274 CR 2005, reveals that Petitioner has fully served his 1-year sentence. *See* http://ujsportal.pacourts.us/docket.

4

> The Court in *Morgan* stated:
>
> A federal court's jurisdiction to entertain collateral attacks upon state criminal convictions is not unlimited. The applicable statute, 28 U.S.C. § 2254, authorizes federal intervention only upon application of a person who is in custody pursuant to a state criminal sentence. This means that the applicant must either still be in prison, or be subject to the restrictions of parole or probation, at the time the federal petition is filed. If, after the federal habeas petition is filed, the petitioner is released from custody and is no longer on parole, the federal petition may or may not have become moot, depending upon whether petitioner can show that the collateral consequences of his earlier conviction are such that a live controversy is still at issue.
>
> The *Morgan* Court further stated:
>
> Section 2254 imposes a requirement that a petitioner must be "in custody" pursuant to the judgment of a State court for a federal court to hear a habeas petition challenging that conviction. *See* 28 U.S.C. § 2254(a); *Mayeng v. Cook,* 490 U.S. 488, 490-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (requiring that a petitioner must be *in custody* under the conviction he is challenging at the time the petition is *filed* to warrant federal court jurisdiction). Once a prisoner's sentence is *fully expired,* he is no longer considered "in custody" to challenge a conviction which is no longer open to direct or collateral review in its own right. *See Edwards v. INS,* No. 03-286, 2003 WL 22495772, at * 3 (E.D.Pa.2003) (finding petitioner failed to meet the habeas "in custody" requirement where he finished serving his sentence in 1991, but did not file a habeas petition challenging that conviction until 2003) (citing *Lackawanna County District Attorney v. Coss,* 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001)).

*Id.,* * 3. *See also Maleng v. Cook*, 490 U.S. 488, 492 (1989)(requiring that a Petitioner must be in custody under the conviction he is challenging at the time the habeas petition is filed to warrant federal court jurisdiction); *Rodland v. Shannon*, 2007 WL 1217852 (M.D. Pa.)(Court found that it did not have jurisdiction under §2254(a) to consider a habeas petition in which Petitioner was seeking to challenge an expired sentence for which he was no longer in custody, and which

expired prior to his filing of his habeas petition).[8]

In *Venson v. Killina*, 2009 WL 1228444, *4 (W.D. Pa.), the Court stated:

> In order for the District Court to have jurisdiction over a Section 2254 habeas petition, the habeas petitioner must, as of the date of the filing of the habeas petition, be "in custody" under the sentence/conviction being attacked by the petition. *See, e.g., Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Kingsley v. Massachusetts,* 2 F.3d 1148 (Table), 1993 WL 315448, at *1 (1st Cir.1993) ("We are persuaded that this habeas petition was properly dismissed because Kingsley was not 'in custody' when he filed it, therefore the district court lacked subject matter jurisdiction."); *Van Zant v. Florida Parole Com'n,* 104 F.3d 325, 326 (11th Cir.1997) ("We reverse and remand with instructions to dismiss the petition for lack of subject matter jurisdiction because Van Zant was not 'in custody' under 28 U.S.C. § 2241 to challenge the parole revocation at the time of the filing of his petition.").

Thus, we will recommend that Petitioner Aponte's habeas petition be dismissed since he is no longer in custody on his challenged January 4, 2007 Monroe County one-year sentence. *Id*.

Additionally, Petitioner's stated habeas claims are brought under the Fourth Amendment. Petitioner claims that due to Trooper Cheponis' July 25, 2005 unconstitutional search of his garage and Cheponis' gathering of evidence in violation of the Fourth Amendment, he was wrongfully convicted at his January 4, 2007 jury trial. As mentioned, in his prior civil rights action, Petitioner indicated that his counsel filed a suppression motion with the Monroe County Court as one of his omnibus pretrial motions, and that his motion was denied.

---

[8]In fact, in Petitioner's prior civil rights action, we noted that the only cognizable relief Aponte could seek from Defendants was for money damages. We noted that Aponte could not seek to have this Court expunge his Monroe County conviction and sentence, since he had fully served his sentence and it was not invalidated by any court.

Because all of Petitioner Aponte's claims in his habeas petition seek relief under the Fourth Amendment, this federal court is barred from reviewing these claims based on *Stone v. Powell*, 428 U.S. 465 (1976). The United States Supreme Court held in *Stone*, "[w]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. *See also McCullough v. Coleman*, 2009 WL 530354 (M.D. Pa.); *Carl v. Good*, 2007 WL 4198417, *5 (M.D. Pa.). As the *Carl* Court pointed out, "[e]ven otherwise potentially meritorious Fourth Amendment claims are barred on habeas [review] when Petitioner had a full and fair opportunity to litigate them." *Carl*, 2007 WL 4198417, *5 (citing *Deputy v. Taylor*, 19 F. 3d 1485, 1491 (3d Cir. 1994).

The *Carl* Court also stated:

> Generally, to avoid the *Stone* bar, a petitioner must demonstrate that he did not have a full and fair opportunity to litigate a Fourth Amendment claim because a structural defect in the state system prevented his claim from being heard. *Marshall v. Hendricks,* 307 F.3d 36, 82 (3d Cir.2002). A petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure. *See U.S. ex rel. Hickey v. Jeffes,* 571 F.2d 762, 766 (3d Cir.1978); *Petillo v. New Jersey,* 562 F.2d 903, 906-07 (3d Cir.1977). *Stone v. Powell* precludes reexamination of the state court's determination that no Fourth Amendment violation occurred as long as there was a full and fair opportunity to litigate the claim. The Third Circuit Court of Appeals has concluded that a habeas petition had an opportunity for full and fair litigation where the state court provided an opportunity for a pretrial suppression motion and the Superior Court considered the claim on appeal. *Reinert v. Larkin,* 211 F.Supp.2d 589, 597 (E.D.Pa.2002), *aff'd,* 379 F.3d 76 (3d Cir.2004), *cert. denied,* 546 U.S. 890, 126 S.Ct. 173, 163 L.Ed.2d 201 (2005). Whether or not a state court incorrectly decided a Fourth Amendment claim is immaterial to the full and fair opportunity

analysis. *Marshall,* 307 F.3d at 82; *Gilmore v. Marks,* 799 F.2d 51, 56 (3d Cir.1986), *cert. denied,* 479 U.S. 1041, 107 S.Ct. 903, 93 L.Ed.2d 853 (1987).

The instant record reveals that Petitioner Aponte had a pretrial hearing regarding his suppression motion and that the Monroe County Court considered his Fourth Amendment claims. (Doc. 1, Att. Pp. 2-8). Thus, Petitioner had an opportunity for a full and fair litigation of his Fourth Amendment claims, and this Court is barred by *Stone* from now considering them. *Id*.

In *McCullough*, the Court dismissed a § 2254 habeas petition in which the inmate raised Fourth Amendment claims similar to Petitioner Aponte's present claims and challenged the denial of his suppression motion by the Dauphin County Court of Common Pleas. The *McCullough* Court held as follows:

> It appearing that petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, and that petitioner does not contend that his right to such a hearing was denied, but rather that the state court erred in resolving his claim therein, (*see* Doc. 2 at 15), and the court concluding that petitioner has received a full and fair hearing within which to present his Fourth Amendment claim, and that his instant attempt to relitigate this issue is meritless, *see Stone v. Powell,* 428 U.S. 465, 481, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."); *see also Gilmore v. Marks,* 799 F.2d 51, 56 (3d Cir.1986) ("[A] federal court may not reexamine the state court's determination that no Fourth Amendment violation occurred."), it is hereby ORDERED that:
>> The instant petition (Doc. 1) demonstrates on its face that petitioner was previously afforded a full and fair hearing on his Fourth Amendment claim. Petitioner first raised this issue in the Dauphin County Court of Common Pleas (*see* Doc. 2 at 20), when he filed a motion to suppress the discovery of narcotics that he alleges were obtained during an unlawful search. The trial court held a suppression hearing, after which petitioner's motion

> to suppress was denied. (*Id.*) Petitioner was then found guilty at trial. (*See* Doc. 1 at 1-2.) Petitioner appealed his conviction to the Superior Court of Pennsylvania, and specifically challenged the trial court's denial of his motion to suppress evidence. (Doc. 2 at 20.) On November 29, 2006, the Superior Court affirmed the judgment. (*Id.* at 9.) Petitioner's request to appeal to the Pennsylvania Supreme Court was then denied on August 29, 2007. (*Id.*) Under clear Third Circuit precedent, a defendant receives a full and fair opportunity to litigate his claim when he is permitted to present his arguments at a pretrial suppression hearing, and is given the opportunity to appeal an unfavorable ruling to the Pennsylvania Superior Court. *See United States ex rel. Hickey v. Jeffes,* 571 F.2d 762, 766 (3d Cir.1978).

2009 WL 530354, *1 (footnote omitted). *See also Simmons v. Barone*, Civil No. 09-1686 (M.D. Pa.).

Thus, even if Petitioner was still in custody on his Monroe County sentence, based on the *Carl and McCullough* cases, Petitioner Aponte's habeas petition raising Fourth Amendment claims should be dismissed.

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended Petitioner Aponte's habeas petition (Doc. 1) be dismissed.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: October 15, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE, | : | CIVIL ACTION NO. **3:CV-10-1993** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PA, et al., | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 15**, **2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                   s/ Thomas M. Blewitt
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: October 15, 2010**