# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERBERT APONTE, | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. 3:10-cv-1993 |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, et al., | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| Respondent | : | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of October 15, 2010 (Doc. 6), Petitioner's Objections to the Magistrate Judge's R&R (Doc. 7), and Petitioner's Motion to Appoint Counsel (Doc. 8). Magistrate Judge Blewitt recommended that Petitioner's petition for a writ of habeas corpus be dismissed because he does not meet the narrow requirements that would allow this Court to consider a habeas petition under 42 U.S.C. § 2241. This Court will adopt Judge Blewitt's R & R for the reasons discussed more fully below.

## BACKGROUND

On January 4, 2007, Petitioner, Herbert Aponte, was convicted of one count of hit and run with his automobile in Monroe County, Pennsylvania and sentenced to a one-year prison term. Petitioner did not file a direct appeal, but initially sought relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), which provides for post-conviction collateral relief. However, that petition was denied.

On September 24, 2010, Mr. Aponte filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his hit and run conviction on Fourth Amendment grounds, namely, that he was subject to an illegal search at the hands of a police officer. On

October 15, 2010, Magistrate Judge Blewitt issued his R & R recommending that the petition for writ of habeas corpus be denied. (Doc. 6.) On October 27, 2010, Petitioner filed his Objections to the R & R, as well as a Motion to Appoint Council. (Docs. 7-8.) No response to these Objections was filed.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

**I.  Procedural Grounds for a Habeas Corpus Petition**

Petitioner can no longer seek relief regarding his Monroe County conviction via a

2

habeas corpus petition since he has fully served his one-year sentence.

28 U.S.C. § 2254 states: "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* . . .." 28 U.S.C. § 2254. Quoting *Morgan v. Martin*, 2006 WL 3544665, *1 (E.D. Pa.), the court in *Coss v. Warden of Lackawanna County Prison*, 2008 WL 2697147 (M.D. Pa.) stated:

> A federal court's jurisdiction to entertain collateral attacks upon state criminal convictions is not unlimited. The applicable statute, 28 U.S.C. § 2254, authorizes federal intervention only upon application of a person who is in custody pursuant to a state criminal sentence. This means that the applicant must either still be in prison, or be subject to the restrictions of parole or probation, at the time the federal petition is filed.

*Coss*, 2008 WL 2697147 at *5.

Since Petitioner has indicated that a one-year sentence was imposed in 2007, and that he has already served his sentence and been released, Petitioner is no longer in custody and therefore cannot be granted relief via a habeas corpus petition.

### II. Substantive Grounds

This federal court is further barred from reviewing Petitioner's Fourth Amendment habeas corpus claims because these claims were already litigated at trial. Petitioner has stated that his counsel filed a suppression motion related to evidence discovered following the allegedly illegal search, but that the motion was denied. According to the United States Supreme Court, "[w]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or

3

seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Because Petitioner's Fourth Amendment claim was already fully litigated at trial, it cannot be reviewed again in a habeas corpus petition.

### III. Petitioner's Objection

Although Petitioner objects that he didn't want his habeas corpus petition to be heard at this time and had only filed it for "tolling" purposes, this objection is of no consequence because, under 28 U.S.C. § 2254, a habeas corpus petition can only be heard from an individual who is in custody. Since Petitioner has served his sentenced and does not state that he is on parole or otherwise under court supervision, this Court is barred from hearing his petition.

### **CONCLUSION**

As the Court has found that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be dismiss because he is no longer imprisoned or otherwise in custody, the Court will adopt Magistrate Judge Blewitt's recommendation and dismiss the petition for writ of habeas corpus.

An appropriate order follows.

| | |
|---|---|
| 10/29/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

HERBERT APONTE :

Petitioner, :

                               :        CIVIL ACTION NO. 3:10-cv-1993

       v. :

                               :

COMMONWEALTH OF PA, et. al., :        (JUDGE CAPUTO)

                               :        (MAGISTRATE JUDGE BLEWITT )

Respondents :

## ORDER

**NOW**, this   29th   day of October, 2010, after consideration of Magistrate Judge Blewitt's Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be dismissed, and of Defendant's objections to the Magistrate Judge's Report and Recommendation, **it is hereby ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED**.

4. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge